UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 3 0 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| EDWARD KENT HAUERSPERGER, § <br> A.K.A. EDWARD LAFONTAINE § <br> Petitioner, § <br> § <br> v. § <br> § <br> DIRECTOR, TDCJ-ID, § <br> § <br> Respondent. § | CIVIL ACTION NO. B-03-091 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

The Director has lawful custody of Petitioner Edward Kent Hauerspeger pursuant to a judgment and sentence from the 138th District Court of Cameron County, Texas, in cause number 96-CR-1627-B, styled *The State of Texas v. Edward K. LaFontaine, AKA: Edward Kent Hauerspeger*. Hauerspeger was charged with the felony offense of sexual assault. He entered a plea of "not guilty" to the charge before a jury. On April 4, 1997, the jury, finding him guilty, sentenced Hauerspeger to ten years imprisonment, which was then probated for that same time period. Hauerspeger did not appeal the judgment on the jury's verdict of guilt. His probation was subsequently revoked on May 10, 1999, for violating conditions of his probation, and the trial court sentenced Hauerspeger to ten years imprisonment.

Hauerspeger appealed his revocation proceeding. On March 1, 2001, the Thirteenth Court of Appeals of Texas affirmed the judgment of the trial court in an unpublished opinion. *LaFontaine v. State*, No. 13-99-00329-CR (Tex. App.–Corpus Christi 1999, *no pet.*), 2001 Tex.

1

App. LEXIS 1387; *Ex parte LaFontaine*, Application No. 52, 015-01 at 56-66 (copy of appellate opinion). A motion for rehearing was overruled on April 12, 2001. Hauerspeger did not file a petition for discretionary review ("PDR").

Hauerspeger filed his only state court application for habeas corpus relief challenging the sexual assault conviction on January 29, 2002. The Texas Court of Criminal Appeals dismissed the application on April 24, 2002, due to the fact that his direct appeal was still pending. Hauerspeger then filed a federal petition for habeas relief pursuant to 28 U.S.C. § 2254 on August 13, 2002. That petition was denied because it was determined to be untimely according to the statute of limitations for habeas corpus proceedings. *See Hauerspeger v. Cockrell*, Civ.A.No. B-02-234 (S.D. Tex. May 15, 2003).

On January 15, 2003, after the initial federal petition for habeas relief was filed, but before a decision was issued in that case,[1] Hauerspeger filed the instant petition for habeas corpus relief in the Tyler Division of the Eastern District of Texas.[2] After it was determined that, according to 28 U.S.C. § 2241(d), proper venue for Hauerspeger's action lies in the district where he was convicted, the case was transferred to the Brownsville Division of the Southern District of Texas.

## ALLEGATIONS

Petitioner Hauerspeger has alleged the following grounds of error:

---

[1] The District Judge issued her order adopting the Magistrate Judge's Report and Recommendation on May 15, 2003.

[2] We note, with more than a passing interest, that, when filing the petition currently being considered, Hauerspeger declared, under penalty of perjury, that he had never filed a federal habeas petition attacking his conviction for sexual assault.

2

a. His conviction was obtained by the use of evidence gained pursuant to an unconstitutional search or seizure;

b. His conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest;

c. His conviction was obtained by a violation of the privilege against self-incrimination;

d. His conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant and by malicious prosecution;

e. He was denied effective assistance of counsel;

f. He was denied the right of appeal.[3]

## ANALYSIS

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], which altered the standard of review in federal habeas corpus proceedings filed by state prisoners pursuant to 28 U.S.C. § 2254. Hauerspeger filed his petition after the effective date of the AEDPA, thus the petition is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000).

The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. § 2254(d) set forth four different scenarios for determining when the one-year limitations period begins to run:

(d)(1) A one-year period of limitation should apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct

---

[3] The Court notes that each of these six grounds were raised in Petitioner's first federal habeas application.

> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).

It is unclear whether Hauerspeger's claims relate to the April 1997 judgment finding him guilty and placing him on probation or his May 1999 probation revocation proceeding. Although it appears Petitioner's habeas petition refers to the proceedings related to the judgment entered on April 4, 1997, ultimately this Court need not test its powers of clairvoyance because, as discussed below, we have determined that any challenge to either judgment is time-barred.[4]

Firstly, treating Hauerspeger's petition as a challenge to the judgment entered on April 4, 1997, the petition is determined to be untimely and barred by the statute of limitations. Section 2244(d)(1)(A) provides that the one-year limitations period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time period for seeking such review. Therefore, under 28 U.S.C. Section 2244(d)(1)(A), Hauerspeger's conviction became final under the AEDPA on May 4, 1997, thirty days after the date the jury

---

[4] Because Hauerspeger's prior federal petition for habeas relief was untimely, it would logically follow that a subsequently filed petition attacking the same proceedings would also be untimely. However, for the sake of both clarity and thoroughness, the Court will demonstrate why Hauerspeger's petition is time-barred.

4

found him guilty and placed him on probation. *See* Tex. R. App. P. 41(b)(1); Tex. R. App. P. 26.2(a)(1) (West 1998). Accordingly, the one-year limitations period for filing this federal petition began on May 4, 1997, and ended on May 4, 1998. Thus, pursuant to the AEDPA, the one-year statutory filing period expired on May 4, 1998. *See* 28 U.S.C. § 2244(1)(d)(A).

Additionally, it is not disputed that Hauerspeger's only state habeas application was filed on January 29, 2002. *See Ex parte LaFontaine*, at 1. However, Petitioner's filing of his state habeas application did not toll the limitations period under 28 U.S.C. Section 2244(d)(2), because the petition was filed **1,366** days after the limitations period expired on May 4, 1998. Because Hauerspeger filed the instant action on January 15, 2003,[5] his petition was not only untimely, but grossly so.

Secondly, if we Hauerspeger's petition as a challenge to the judgment and sentence revoking his probation, which was entered on May 10, 1999, the Court's analysis, again, leads to the conclusion that the petition is untimely and thus barred by the statute of limitations. As before, the one year period of limitation ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this instance, Hauerspeger's revocation of his community supervision was affirmed on March 1, 2001. Although Hauerspeger appealed his conviction, he did not file a PDR. The denial of Hauerspeger's motion for rehearing occurred on April 12, 2001. Under 28 U.S.C. Section 2244(d)(1)(A), Hauerspeger's conviction became final, at the latest, on May 12, 2001 –i.e., at the

---

[5] *See Sonnier v. Johnson*, 161 F.3d 941, 945 n.2 (5th Cir. 1998) (noting that a prisoner's habeas application is considered filed when delivered to prison authorities for mailing to the district court).

conclusion of thirty days in which time he could have sought review from the Texas Court of Criminal Appeals. *See* Tex.R.App.P. 68.2 (2001), formerly Tex. R. App. P. 202(b). Accordingly, the one-year limitations period for filing a federal petition began May 12, 2001, and ended on May 12, 2002. Thus, pursuant to the AEDPA, the one-year statutory filing period expired May 12, 2002. *See* 28 U.S.C. § 2244(1)(d)(A).

In certain instances, the one-year period for filing may be extended because the AEDPA allows for the tolling of the limitations period during the pendency of properly filed applications for state court collateral review. According to the pertinent statutory language, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *see also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (tolling provision § 2244(d)(2) applies to the one-year reasonableness period). Thus, the statutory filing period may be extended beyond a strict one-year limitations period; in the case at hand, the deadline would have tolled if Hauerspeger properly filed an application for state court collateral review during the one-year period from May 12, 2001 to May 12, 2002.

Hauerspeger filed his state writ application on January 29, 2002. The writ was later dismissed by the Texas Court of Criminal Appeals on April 24, 2002. The state writ was thus pending for 86 days. When 86 days are added to the filing deadline of May 12, 2002, the new deadline for filing the federal writ petition would be August 6, 2002. Hauerspeger executed his second federal petition on January 15, 2003. At the *very latest*, Hauerspeger's federal petition was due on or before August 6, 2002. Thus, when Hauerspeger mailed his petition on January 15, 2003, he exceeded the Fifth Circuit's "reasonable period" by more than five months, and his

claims are thus time-barred.

The record, moreover, does not reflect that any unconstitutional "state action" impeded Hauerspeger from filing for federal habeas corpus relief prior to the end of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). Furthermore, Hauerspeger has not shown that he could not have known the factual predicate of his claims earlier. *See* 28 U.S.C. § 2244(d)(1)(D). In fact, many of the claims Hauerspeger raises in this action were available to him when he was placed on probation on April 4, 1997, and he advances no reasons for his failure to file this action earlier. Finally, Hauerspeger's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Since Hauerspeger does not satisfy any of the exceptions to the AEDPA statute of limitations, consideration of his petition challenging his sexual assault conviction and subsequent probation revocation in cause number 96-CR-1627-B is barred by the federal habeas corpus statute of limitations.

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir.

1996).

DONE at Brownsville, Texas this 26th day of September, 2003.

*[signature]*

Felix Recio
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD KENT HAUERSPEGER,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-02-234 |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is hereby DENIED WITH PREJUDICE.

DONE at Brownsville, Texas this _____ day of _____, 2003.

_____
Hilda Tagle
United States District Judge