UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 0 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| EDWARD KENT HAUERSPERGER, § | |
| A.K.A. EDWARD LAFONTAINE § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. B-03-091 |
| § | |
| JANIE COCKRELL, DIRECTOR, TEXAS § | |
| DEPARTMENT OF CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

### ORDER ON PLAINTIFF'S MOTION TO APPEAL IN FORMA PAUPERIS

Before the Court is Petitioner Haursperger's Motion to Appeal In Forma Pauperis (Docket No. 4). For the reasons set out below, this Court certifies that the appeal is not taken in good faith and as a result the Petitioner's motion is DENIED.

In support of his motion, Petitioner argues that:

(1) all of his motions have gone unheard;
(2) the proper remedy for his claims is a writ of habeas corpus;
(3) the director has supplied the court with misinformation;
(4) he is indigent.

*See* Docket No. 4.

To the extent that the federal courts have been unable to reach the merits of Petitioner's habeas claims due to their untimeliness, Petitioner is correct in his assertion that his motions have gone unheard. He is also correct in his assertion that the proper remedy in his case would be in the form of a habeas writ. However, Petitioner misunderstands the reasoning behind this

Court's actions. To make the matter plain and simple, Petitioner did not seek habeas relief in a timely fashion. In other words, by statute, both of his federal habeas petitions were time-barred.

This Court has set out the reasons why Petitioner's habeas claims are time-barred in detail on several occasions, and finds no reason to do so again herein. The Court therefore certifies that Petitioner's attempt to appeal was not taken in good faith according to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a). The Court's decision is based on the fact that Petitioner's habeas petition was untimely, as set out in this Court's Report and Recommendation (Docket No. 2), which was adopted by the district court (Docket No. 3).[1]

In addition, the Court would note that, despite Petitioner's claim of indigency, he has failed to comply with the statutory requirements for financial screening and assessment that this court is required to undertake in order to make a determination regarding an applicant's qualifications for IFP on appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *see also Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In other words, even if this Court had not determined that Petitioner's appeal was not taken in good faith, we would be unable to make a determination regarding his qualification for IFP status because of his failure to produce the required documentation.

In accordance with this Court's determination that Petitioner's appeal is not taken in good faith –and the resultant denial of his request to proceed IFP on appeal– the district clerk's office is hereby ORDERED to notify the parties and the court of appeals of the action herein taken, so as to comply with Fed. R. App. P. 24(a)(4).

---

[1] The Court also notes that Petitioner did not file any objections to this Court's Report and Recommendation to the District Court, in which it was determined that Petitioner's claims are time-barred.

IT IS SO ORDERED.

DONE at Brownsville, Texas, this _2d_ day of December, 2003.

_____
Felix Recio
United States Magistrate Judge